STATE OF SOUTH CAROLINA
COUNTY OF GREENVILLE

IN THE COURT OF COMMON PLEAS
FOR THE THIRTEENTH JUDICIAL CIRCUIT
CASE NO. 2015-CP-23-03825

FILED-CLERK OF COURT
GREENVILLE CO. S.C.
PAUL B. WICKENSIMER
2015 JUN 16 PM 3 48

ENTERED COMPUTER

MYKEL HAWKE

Plaintiff,

v.

DISCOVERY COMMUNICATIONS, LLC. d/b/a THE DISCOVERY CHANNEL, DISCOVERY COMMUNICATIONS, INC., AND JOSEPH TETI, Individually.

Defendants.

**SUMMONS**
**(Jury Trial Requested)**

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and requested to answer the Complaint in this action of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office, 8086 Rivers Avenue, North Charleston, SC 29406, within thirty (30) days after service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

**WIGGER LAW FIRM, INC.**

Jarrel L. Wigger
Joshua T. Howle
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
Telephone: (843) 553-9800
Facsimile: (843) 553-1648
Attorney for the Plaintiff

North Charleston, South Carolina
This 15 day of June, 2015.

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF GREENVILLE | IN THE COURT OF COMMON PLEAS<br>FOR THE THIRTEENTH JUDICIAL CIRCUIT<br>CASE NO. 2015-CP-23-03825 |
| MYKEL HAWKE<br><br>Plaintiff,<br><br>v.<br><br>DISCOVERY COMMUNICATIONS, LLC. d/b/a THE DISCOVERY CHANNEL, DISCOVERY COMMUNICATIONS, INC., AND JOSEPH TETI, Individually.<br><br>Defendants. | **COMPLAINT**<br>**(Jury Trial Requested)** |

FILED-CLERK OF GREENVILLE CO PAUL B. WICKENSIMER 2015 JUN 16 PM 3 48

The Plaintiff complaining of the Defendants would show unto this Honorable Court as follows:

**ONE:** The Plaintiffs, Mykel Hawke upon information and belief, is a citizen and resident of Travis County, Texas.

**TWO:** The Defendant, Discovery Communications, LLC d/b/a The Discovery Channel, upon information and belief, is a foreign corporation incorporated in Maryland and operating under the laws of the State of Maryland and does business in the County of Greenville, State of South Carolina, doing business as "The Discovery Channel" in Greenville, South Carolina.

**THREE:** The Defendant, Discovery Communications, Inc., upon information and belief, is a foreign corporation incorporated in Maryland and operating under the laws of the State of Maryland and does business in the County of Greenville, State of South Carolina, doing business as "The Discovery Channel" in Greenville, South Carolina.

**FOUR:** The Defendant, Joseph Teti, is upon information and belief, a citizen and resident of Mecklenberg County, North Carolina.

**FIVE:** The Defendants, are subjected to the jurisdiction of this court based upon the provisions of the Code of Laws of South Carolina, §36-2803, as amended, commonly known as the long arm statute.

**SIX:** The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

**SEVEN:** The Plaintiff was employed by the Defendant Discovery Communications, LLC. (herein after referred to as "Discovery"), from on or about 2008 through December 2011.

**EIGHT:** The Plaintiffs' work was adequate in all respects.

**NINE:** Plaintiff separated from his employment with Defendant Discovery on or about December 2011.

**TEN:** The Defendant Joseph Teti (herein after referred to as "Teti") was hired by Defendant Discovery in 2012 and is currently employed by Defendant Discovery, where he stars in the Discovery Channel television show entitled "Dual Survival".

**ELEVEN:** On or about July 4th, 2014, the Defendant Teti began to defame the Plaintiff Mykel Hawke (herein after referred to as "Hawke") via the social media website, *facebook*.

**TWELVE:** The statements made were "three clinical psychologists have diagnosed Mykel Hawke as having Narcissistic Personality Disorder", Mykel Hawke is mentally ill", and Mykel Hawke is having his Special Forces Tab revoked by the Arm" and other similar type statements all of which were untrue and the Defendant, Teti knew themt o be untrue and made those statements for the sole purpose of the intent to harm the reputation of Plaintiff thereby injuring the Plaintiff and ruining his reputation, business, and future career opportunities.

**THIRTEEN:** The defamatory statements were made on both the Defendant Teti's personal *facebook* page and on the official "Dual Survival" *facebook* page owned by Defendant Discovery.

**FOURTEEN:** The Plaintiff Hawke contacted Defendant Teti and requested that he cease and desist from making any further defamatory statements.

**FIFTEEN:** The Plaintiff Hawke contacted Defendant Discovery and requested that they assist in restraining their employee, Defendant Teti, from making any further defamatory statements.

**SIXTEEN:** The Defendant Teti continues to defame the Plaintiff Hawke.

**SEVENTEEN:** The Defendant Discovery failed to take action to stop the defamatory statements from being posted online.

**EIGHTEEN:** The Defendant Teti contacted Plaintiff's sponsors requesting that they sever ties with Plaintiff and sponsor him instead causing financial harm to Plaintiff.

**NINETEEN:** Defendant Teti consciously made these defamatory remarks with the intent to impeach the reputation of Plaintiff thereby injuring the Plaintiff and ruining his reputation, business, and future career opportunities.

**TWENTY:** The Defendant Teti made false and defamatory statements accusing the Plaintiff of having a loathsome disease.

**TWENTY-ONE:** The Defendant Teti accused the Plaintiff of having been diagnosed as suffering from mental illness.

**TWENTY-TWO:** The Defendant Teti stated that Plaintiff Hawke was having his military awards and/or accomplishments rescinded.

**TWENTY-THREE:** The Defendant Teti's statements characterized Plaintiff Hawke as exhibiting conduct unbecoming of a Special Forces officer and that he would have his "Special Forces Tab" revoked in the near future, which made him appear unfit in his business and profession which Plaintiff relies on for his career.

**TWENTY-FOUR:** The Defendant Teti's statements were put on the Discovery Channel website and facebook and everytime that someone clicked on said statements it renewed the slander and was a brand new incident.

**TWENTY-FIVE:** Due to the slander being renewed by the clicks on said website it created thousands of incidents.

**TWENTY-SIX:** At all times Defendant Teti knew that the remarks he was making were false.

**TWENTY-SEVEN:** That Defendant Teti made the defamatory remarks knowing that any individuals hearing the remarks would be influenced by the remarks.

**TWENTY-EIGHT:** Such false statements and allegations made against the Plaintiff have harmed Plaintiff's reputation.

**FOR A FIRST CAUSE OF ACTION**
**AS TO DEFENDANT DISCOVERY**
**(Negligent Hiring, Training and Supervision)**

**TWENTY-NINE:** The Plaintiff repeats and re-alleges all of the above paragraphs and all subsequent paragraphs as if each were set forth herein verbatim.

**THIRTY:** Defendant was negligent, wanton, reckless and/or acted with deliberate indifference in the following particulars:

(a) Failure to adequately monitor and supervise the hiring practices of its personnel to insure that only qualified applicants were hired;

(b) Failure to institute and follow reasonable hiring practices to

insure that only qualified applicants were hired;

(c) Failure to adequately train personnel in public interaction, when and what types of communications employees should say publically and/or put into print.

(d) Failure to supervise and correct actions of its personnel when they knew or should have known that a pattern of questionable and defamatory practices and behavior existed; and

(e) Failure to properly verify applicants' qualifications, prior work history, and certifications.

(f) In such other and further particulars as discovery will show.

**THIRTY-ONE:** As a direct and proximate result of the Defendant's misconduct, the Plaintiffs suffered actual damages, including, but not limited to, physical injury, mental anguish, emotional distress and attorney fees.

**THIRTY-TWO:** The Plaintiff is informed and believe that he is entitled to actual and punitive damages in an amount to be determined at trial.

## FOR A SECOND CAUSE OF ACTION AS TO DEFENDANT TETI DEFAMATION

**THIRTY-THREE:** The Plaintiff realleges and reiterates the preceding paragraphs as if fully set forth herein verbatim.

**THIRTY-FOUR:** At all time herein, Defendant Teti intentionally and maliciously made defamatory remarks about the Plaintiff in following particulars, to wit:

(a) In fraudulently making false and defamatory statements accusing the Plaintiff of having a loathsome disease;

(b) In fraudulently accusing the Plaintiff of having been diagnosed as suffering from mental illness;

(c) In fraudulently stating that Plaintiff Hawke was having his military awards and/or accomplishments rescinded.

**THIRTY-FIVE:** Defendant Teti consciously made these defamatory remarks with the intent to impeach the reputation of Plaintiff thereby injuring the Plaintiff and ruining his reputation, business, and future career opportunities.

**THIRTY-SIX:** At all times Defendant Teti knew that the remarks they were making were false.

**THIRTY-SEVEN:** That Defendant Teti made the defamatory remarks knowing that any individuals hearing the remarks would be influenced by the remarks.

**THIRTY-EIGHT:** Due to the acts of the Defendants, the Plaintiff suffered actual and special damages, including loss and injury to his reputation, loss of professional respect in the community, embarrassment, humiliation, mental anguish and suffering and loss of income and profit and future earning capacity.

**THIRTY-NINE:** Defendant Teti's defamation of Plaintiff was done willfully, intentionally, and with actual malice, with the specific intent to harm the Plaintiff. Therefore, Plaintiff is informed and believes that he is entitled to recover actual and punitive damages from the Defendants in an amount to be determined by the jury.

**FORTY:** That Defendant Teti violated the Plaintiff's rights to enjoy his good business reputation by publishing written words, false and untrue information about him, wrongfully accusing the Plaintiff of being mentally ill, thereby harming the Plaintiff's personal and business reputation.

**FORTY-ONE:** That as a direct and proximate result of the aforesaid conduct of the Defendants, the Plaintiff has been damaged as aforesaid, both actual and punitive, in such an amount as a trier of fact may award.

**FOR A THIRD CAUSE OF ACTION**
**AS TO DEFENDANT TETI**
**SLANDER**

**FORTY-TWO:** The Plaintiff realleges and reiterates the preceding paragraphs as if fully set forth herein verbatim.

**FORTY-THREE:** That the Defendants, their agents and servants, have slandered the Plaintiff by knowingly publishing spoken false words and writing false statements, and untrue information about him, wrongfully stating that he was mentally ill, thereby harming the Plaintiff's reputation.

**FORTY-FOUR:** The defamatory statements posted on Defendant Teti's and Defendant Discovery's *facebook* pages are slanderous, or are slanderous *per se,* because the statements injured the Plaintiff's business reputation, both in the community and in his trade or occupation. Defendants' statements characterized Plaintiff as exhibiting conduct unbecoming of a Special Forces officer and that he would have his "Special Forces Tab" revoked in the near future, which made him appear unfit in his business and profession which Plaintiff relies on for his career.

**FORTY-FIVE:** The foregoing defamatory statements were made with actual malice and with the intent to injure the Plaintiff and his reputation.

**FORTY-SIX:** Due to the acts of the Defendants, their agents and servants, the Plaintiff suffered actual and special damages, including loss and injury to his reputation, loss of professional respect in the community, embarrassment, humiliation, mental anguish, suffering and loss of income.

**FORTY-SEVEN:** Defendants' slander of the Plaintiff was done willfully, intentionally, and with actual malice, with the specific intent to harm the Plaintiff. Therefore, the Plaintiff is informed and believes that he is entitled to recover punitive damages from the Defendants in an amount to be determined by the jury.

**FOR A FOURTH CAUSE OF ACTION**
**AS TO DEFENDANT TETI**
**LIBEL OR LIBEL *PER SE***

**FORTY-EIGHT:** The Plaintiff realleges and reiterates the preceding paragraphs as if fully set forth herein verbatim.

**FORTY-NINE:** At all times herein, the Defendants intentionally and maliciously were libel, or libel *per se*, in that they violated the Plaintiff's right to enjoy his good reputation by making unimpaired false and defamatory attacks against Plaintiff.

**FIFTY:** The Defendants' actions in making false and defamatory statements by informing other individuals by written and printed form willfully, intentionally and maliciously degraded Plaintiff in reducing his character and reputation in the estimation of his friends, acquaintances, future employers and to the public, and to disgrace him and render him odious, and contemptible.

**FIFTY-ONE:** Defendant Teti consciously made these defamatory remarks with the intent to impeach the reputation of the Plaintiff thereby injuring the Plaintiff and ruining his reputation, business, and future career opportunities.

**FIFTY-TWO:** At all times Defendant Teti knew that the remarks he made were false.

**FIFTY-THREE:** Defendant Teti made the defamatory remarks knowing that any individuals seeing/reading the remarks would be influenced by the remarks.

**FOR A FIFTH CAUSE OF ACTION**
**UNFAIR TRADE PRACTICES**

**FIFTY-FOUR:** The Plaintiff realleges and reiterates the preceding paragraphs as if fully set forth herein verbatim.

**FIFTY-FIVE:** The Defendants, their agents and servants, engages in trade and commerce and are persons as defined in the S.C. Unfair Trade Practices Act.

**FIFTY-SIX:** That the Defendants, their agents and servants, engaged in a practice of allowing their facilities to run without following the legal requirements as defined in the S.C. Unfair Trade Practices Act.

**FIFTY-SEVEN:** That the practices of the Defendants, their agents and servants, have a significant public impact and the public interest was affected.

**FIFTY-EIGHT:** That both the Plaintiff and the public have suffered a loss as a result of the unfair and deceptive trade practices of the Defendants, their agents and servants, and the conduct of the Defendant, its agents and servants, as aforesaid, adversely affects more than the parties involved and extends to the public.

**FIFTY-NINE:** That the conduct of the Defendants, their agents and servants, entitles Plaintiff to treble damages and attorney's fees.

**SIXTY:** Due to the acts of Defendant Teti, the Plaintiff suffered actual and special damages, including loss and injury to his reputation, loss of professional respect in the community, embarrassment, humiliation, mental anguish and suffering and loss of income and profit and future earning capacity.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendants for actual damages, punitive damages, legal fees, costs of this and any other relief this Honorable Court deems just and proper.

**WIGGER LAW FIRM, INC.**

Jarrel L. Wigger
Joshua T. Howle
Attorneys for Plaintiff
8086 Rivers Avenue, Suite A
N. Charleston, SC 29406
Telephone: (843) 553-9800
Facsimile: (843) 553-1648

North Charleston, South Carolina
This 9th day of June, 2015

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF GREENVILLE )

FILED - CLERK OF COURT
GREENVILLE CO. S.C.
PAUL B. WICKENSIMER
2015 JUN 16 PM 3 48

MYKEL HAWKE ) **CIVIL ACTION COVERSHEET**

Plaintiff(s) )

) 2015-CP - 23- 03825

vs. )

**Verified**

DISCOVERY COMMUNICATIONS, LLC. d/b/a THE DISCOVERY CHANNEL, DISCOVERY COMMUNICATIONS, INC., AND JOSEPH TETI, Individually. )

Defendant(s) )

| | | | |
|---|---|---|---|
| Submitted By: | Jarrel L. Wigger | SC Bar #: | 011824 |
| Address: | Wigger Law Firm, Inc. | Telephone #: | (843) 553-9800 |
| | 8086 Rivers Avenue, Suite A | Fax #: | (843) 553-1648 |
| | North Charleston, SC 29406 | Other: | |
| | | E-mail: | jwigger@wiggerlawfirm.com |

**NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.**

## DOCKETING INFORMATION (*Check all that apply)*

***If Action is Judgment/Settlement do not complete***

☒ **JURY TRIAL** demanded in complaint. ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

**Contracts**
- ☐ Constructions (100)
- ☐ Debt Collection (110)
- ☐ Employment (120)
- ☐ General (130)
- ☐ Breach of Contract (140)
- ☐ Other (199)

**Torts - Professional Malpractice**
- ☐ Dental Malpractice (200)
- ☐ Legal Malpractice (210)
- ☐ Medical Malpractice (220)
- Previous Notice of Intent Case # 20____-NI-_____-___________
- ☐ Notice/ File Med Mal (230)
- ☐ Other (299)

**Torts – Personal Injury**
- ☒ Assault/Slander/Libel (300)
- ☐ Conversion (310)
- ☐ Motor Vehicle Accident (320)
- ☐ Premises Liability (330)
- ☐ Products Liability (340)
- ☐ Personal Injury (350)
- ☐ Wrongful Death (360)
- ☐ Other (399)

**Real Property**
- ☐ Claim & Delivery (400)
- ☐ Condemnation (410)
- ☐ Foreclosure (420)
- ☐ Mechanic's Lien (430)
- ☐ Partition (440)
- ☐ Possession (450)
- ☐ Building Code Violation (460)
- ☐ Other (499)

**Inmate Petitions**
- ☐ PCR (500)
- ☐ Mandamus (520)
- ☐ Habeas Corpus (530)
- ☐ Other (599)

**Administrative Law/Relief**
- ☐ Reinstate Drv. License (800)
- ☐ Judicial Review (810)
- ☐ Relief (820)
- ☐ Permanent Injunction (830)
- ☐ Forfeiture-Petition (840)
- ☐ Forfeiture—Consent Order (850)
- ☐ Other (899)

**Judgments/Settlements**
- ☐ Death Settlement (700)
- ☐ Foreign Judgment (710)
- ☐ Magistrate's Judgment (720)
- ☐ Minor Settlement (730)
- ☐ Transcript Judgment (740)
- ☐ Lis Pendens (750)
- ☐ Transfer of Structured Settlement Payment Rights Application (760)
- ☐ Confession of Judgment (770)
- ☐ Petition for Workers Compensation Settlement Approval (780)
- ☐ Other (799)

**Appeals**
- ☐ Arbitration (900)
- ☐ Magistrate-Civil (910)
- ☐ Magistrate-Criminal (920)
- ☐ Municipal (930)
- ☐ Probate Court (940)
- ☐ SCDOT (950)
- ☐ Worker's Comp (960)
- ☐ Zoning Board (970)
- ☐ Public Service Comm. (990)
- ☐ Employment Security Comm (991)
- ☐ Other (999)

**Special/Complex /Other**
- ☐ Environmental (600)
- ☐ Automobile Arb. (610)
- ☐ Medical (620)
- ☐ Other (699)
- ☐ Pharmaceuticals (630)
- ☒ Unfair Trade Practices (640)
- ☐ Out-of State Depositions (650)
- ☐ Motion to Quash Subpoena in an Out-of-County Action (660)
- ☐ Sexual Predator (510)

**Submitting Party Signature:** [signature] **Date:** 8 Jun 15

**Note:** Frivolous civil proceedings [redacted] be subject to sanctions pursuant to SCRCP, R[redacted]le 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.[redacted] Code Ann. §15-36-10 et. seq.

**FOR MANDATED ADR COUNTIES ONLY**

Aiken, Allendale, Anderson, [redacted]berg, Barnwell, Beaufort, Berkeley, [redacted]houn, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**