IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MYKEL HAWKE, | * | |
|    Plaintiff, | * | |
| v. | * | Civil Action 8:17-cv-00542-PX |
| DISCOVERY COMMUNICATIONS LLC, *et al*. | * | |
| | * | |
|    Defendant(s). | ***** | |

**MEMORANDUM OPINION AND ORDER**

On July 12, 2017, the Court granted the Defendants' motion for summary judgment in a Memorandum Opinion. ECF No. 110. On August 8, Plaintiff Mykel Hawke ("Hawke") moved pursuant to Federal Rule of Civil Procedure 59(e) for reconsideration of this Court's ruling. ECF No. 112. For the reasons stated below, Plaintiff's motion for reconsideration is DENIED.

**I.    Background**

This case stems from Joseph Teti ("Teti") posting on Facebook several negative comments concerning Plaintiff Mykel Hawke ("Plaintiff")[1] regarding their shared time on The Discovery Channel's reality show, *Dual Survival*. ECF No. 14 at 2. In connection with Teti's Facebook posts, Hawke filed suit against Defendants Discovery Communications LLC, Discovery Communications, Inc., and Teti in South Carolina, alleging negligent hiring, training, and supervision, slander, defamation, libel, and violation of the South Carolina Unfair Trade Practices Act ("UTPA"). *See* ECF Nos. 1-1 at 2 & 14 at 3–7. The case was removed to federal Court in South Carolina, ECF No. 1, and that court dismissed Teti from the case for lack of

---

[1] Facebook is an Internet-based social networking website that allows its users worldwide to share information, opinions, and other content. *See Klayman v. Zuckerberg*, 753 F.3d 1354, 1356 (D.C. Cir. 2014).

personal jurisdiction.  ECF No. 37.  Discovery then proceeded on a lengthy and protracted course, with several extensions granted at Hawke's behest.

On February 21, 2017, the remaining Defendants, Discovery Communications LLC and Discovery Communications, Inc., moved for summary judgment in their favor.  ECF No. 83.  On February 23, 2017, the United States District Court in South Carolina granted Plaintiff's motion for transfer of the case to this Court.  ECF No. 91.  After full briefing on Defendants' motion for summary judgment, this Court conducted a hearing on July 6, 2017, and shortly thereafter ruled in Defendants' favor as reflected in the Court's Memorandum Opinion and Order.  ECF Nos. 109 & 110.  Plaintiff then timely moved for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).  ECF No. 112.

## II. Analysis

Rule 59(e) of the Federal Rules of Civil Procedure provides three narrowly circumscribed grounds for granting reconsideration of a prior ruling: (1) an intervening change in controlling law, (2) the presentation of new evidence not previously available to the moving party, or (3) to correct a clear error of law or prevent manifest injustice.  *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003).  "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.' " *Id.* (quoting Wright, *et al.*, *supra*, § 2810.1, at 124).  Such a motion "may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al.*, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)).

Hawke seeks reconsideration based on newly discovered evidence. "Newly considered evidence is only that which is 'truly newly discovered or . . . could not have been found by due diligence.'" *IFCO Sys. North America, Inc. v. American Home Assur. Co.*, 797 F. Supp. 2d 660, 671 (D. Md. 2011) (quoting *Atlantic States Legal Found. v. Karg Bros.*, 841 F. Supp. 51, 56 (N.D.N.Y. 1993)). Accordingly, Hawke "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996)) (internal marks omitted). The Court will not consider evidence that could have been previously obtained through a reasonable exercise of due diligence. *See IFCO Sys.*, 797 F. Supp. 2d at 671; *accord Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 408–10 (4th Cir. 2010).

Critically, none of Hawke's submitted materials constitute relevant, newly discovered evidence that could not have otherwise been obtained by reasonable due diligence. Ten of the eleven exhibits were in Hawke's possession or publicly available to him at the time the Court entered its judgment on July 12, 2017.[2] *See* ECF No 112. The eleventh exhibit appears not at all relevant to the issues that were before the Court. ECF No. 112 at 952–56. Accordingly, Plaintiff has done nothing to demonstrate that newly discovered evidence changes the Court's prior analysis.

Plaintiff suggests that the transfer from the United States District Court for South Carolina caused "some confusion" regarding evidence submitted at the summary judgment stage. ECF No. 112 at 3–4. Nothing in the record supports this assertion. Plaintiff was given ample opportunity to submit evidence to defeat summary judgment in his pleadings and at the hearing

---

[2] Exhibits 2–10 all date from 2013 or 2014, long before this Court entered its final judgment. *See* ECF No. 112. Further, many of the submitted exhibits are Facebook screen captures which this Court already noted "contain no evidence that they were posted to or from the official Dual Survival Facebook page or any other Facebook page controlled by the Defendants." *Id.* at 11–12.

before this Court. Plaintiff was also repeatedly reminded of the import surrounding discovery and pleading deadlines that necessitated his exercising due diligence in the prosecution of his case. ECF No. 110 at 8; *see also Bogart v. Chapell*, 396 F.3d 548, 558 (affirming the court's refusal to consider new evidence "where the movant presented no legitimate justification for failing to timely submit the evidence and had advance notice of the summary judgment issues."). Yet time and again, Hawke fell short of explaining why he should not be required to follow the same rules of procedure and evidence applicable to all parties.

Finally, Hawke makes no showing that reconsideration is warranted to correct clear error of the law or prevent manifest injustice. In effect, Plaintiff does little more than seek to "re-litigate a case after the court has ruled" based on his "mere disagreement" with this Court's ruling. *Sanders v. Prince George's Public School System*, No. 08-CV-501, 2011 WL 4443441, at *1 (D. Md. Sept. 21, 2011). Accordingly, Plaintiff's motion must fail. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (noting that a Rule 59(e) motion cannot be used "to litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

In light of the foregoing, it is this 9th day of February, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion for reconsideration filed by Plaintiff, ECF No. 112, BE, and the same hereby is DENIED; and
2. The clerk is directed to transmit copies of this Memorandum Opinion and Order to the parties.

| 2/9/2018 | /s/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |